## No. 11,700

### Orleans

---

## SHEMPER v. IRVING HERSKOVITS FUR CO., INC.

---

(February 11, 1929. Opinion and Decree.)
(February 25, 1929. Rehearing Refused.)

---

Gerald Netter, of New Orleans, attorney for plaintiff, appellee.

Max M. Schaumburger, of New Orleans, attorney for defendant, appellant.

JANVIER, J. Plaintiff was employed by defendant as a purchaser of furs. His contract required him to buy the furs according to their respective grades and, whenever he was required by the vendors to pay cash, to give drafts on defendant for the purchase price.

He was a fur grader of experience and was given a price list and was instructed to pay only the prices shown in this list.

He was to receive a commission of 5% on the amounts paid out by him and he was required to pay his own expenses.

At Lumberton, Mississippi, he located a certain lot of furs, and, after inspecting them, and reporting by phone to the office, purchased them for $4450.00. He also made a purchase amounting to $21.80 and another for $100.00.

This suit is for the commission at 5% on the total amount of the three purchases and for the $21.80 cash which he expended out of his own funds in making the purchase for that sum. The total amount claimed is $250.39.

Defendant admits the contract and the purchases and the fact that plaintiff paid the $21.80 out of his own funds but denies liability on the ground that, in making the large purchase, plaintiff was so careless in grading the furs that he paid for them more than $1,000.00 more than they were actually worth.

This is, of course, a special defense, and the burden of proving it is on defendant.

The verbal evidence is conflicting and if we had to decide the issue of fact on the verbal testimony alone, we would find ourselves unable to hold that defendant had successfully borne the burden placed upon it by the filing of the special defense.

We find in the record, however, one very significant fact and that is, that plaintiff admits having destroyed a document which defendant claims was an agreement of compromise which had been voluntarily executed by plaintiff.

According to both parties, when plaintiff was charged with having paid something over one thousand dollars more for the large purchase than it was worth, a discussion of the matter ensued. Plaintiff contends that at no time was the question of his making good any part of the loss discussed. Defendant claims, through several witnesses that as soon as it was suggested that plaintiff should stand a part of the loss, he voluntarily agreed to pay $500.00 to settle the matter. Defendant argues that plaintiff was willing to do this because he wanted to retain his position and also because he was afraid that his carelessness had made him liable for defendant's loss.

At any rate a document was prepared and, according to defendant's witnesses, was signed by plaintiff. Plaintiff denies having signed it but we believe his memory as to this has served him poorly. He admits that later on he called for the document and having obtained it back under a subterfuge, destroyed it. He says that what he destroyed was a document with reference to a bond defendant required and that he was incensed at being required to give bond and that was his reason for destroying it. If he had not signed the document we are unable to see why he should have been so intent on destroying it and are forced by his actions to the conclusion that the document was what defendant says it was.

The document, having been destroyed, is, of course, not in the record but defendant has introduced a carbon copy of it, and this copy reads as follows:

"November 21st, 1927.
"I, the undersigned, I. Shemper, hereby agree to refund to W. Irving Herskovits Fur Co., Inc., ten percent (10%) of all commissions that become due me on purchases made for and delivered to said W. Irving Herskovits Fur Co., Inc., until the sum of Five Hundred ($500.00) Dollars has been paid.
"This Five Hundred Dollars is a compromise amount agreed upon between W. Irving Herskovits Fur Co., Inc., and myself and represents one-half the loss estimated by yourselves on a parcel of furs bought by me from C. F. Namie of Lumberton, Miss.

"Witness_____
"Witness_____"

Since we are of the opinion that plaintiff, whatever his rights may have been prior to the signing of the document, did, in fact execute it, his rights now are to be determined, not by the original contract but by the compromise agreement which he made and for which we believe he received full consideration.

Defendant has reconvened and asked, not only that plaintiff's suit be dismissed but

that judgment in reconvention be rendered in favor of defendant for the amount set forth in the compromise agreement.

There is no escape for plaintiff. He made his own bed and will have to lie in it as comfortably as he can. We are unable to add to his comfort.

It is therefore ordered, adjudged and decreed that the judgment appealed from·be annulled, avoided and reversed and that there now be judgment in defendant's favor dismissing plaintiff's suit and that there be judgment in reconvention in favor of plaintiff and against defendant in reconvention for the sum of $500.00 with legal interest from judicial demand and for all costs.